## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 10-CR-40056-JAR** |
| **FREDDIE LISK,** | |
| **Defendant.** | |

### ORDER DISMISSING MOTION FOR COMPASSIONATE RELEASE

This matter comes before the Court on Defendant Freddie Lisk's letter to the Court, construed as a Motion for Compassionate Release (Doc. 32).  For the reasons provided below, Defendant's motion is denied as moot.

**I.      Background**

On January 31, 2011, Defendant pleaded guilty to one count of possession with intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(b)(1)(B).[1]  On March 30, 2011, this Court sentenced Defendant to a 72-month term of imprisonment, a 48-month term of supervised release, and a $100 special assessment.[2]  Defendant was imprisoned, but he was released from the Bureau of Prisons ("BOP") on December 11, 2015.

Defendant filed a letter with the Court on August 3, 2020, which the Court construed as a Motion for Compassionate Release.  In this letter, he asserts that he would like to end his parole

---

[1] Doc. 23

[2] Doc. 30.

early and go home to his family.  He states that his health is not good and attaches several medical records.

## II.      Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[3]  Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply.  Until recently, these exceptions required the BOP to move on a defendant's behalf.  In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[4]

## III.     Discussion

In this case, the BOP's records indicate that Defendant was released from BOP custody and from prison on December 11, 2015.  By the terms of the statute itself, § 3582(c)(1)(A) only allows the Court to "reduce the term of imprisonment."[5]   Because Defendant is no longer in prison, there is no term of imprisonment for the Court to reduce.[6]  Thus, Defendant's motion is moot, and the Court denies it.

Accordingly, Defendant's Motion for Compassionate Release (Doc. 32) is **DENIED AS MOOT**.

---

[3] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)).

[4] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[5] 18 U.S.C. § 3582(c)(1)(A); *see also Hirano v. United States*, Cr No. 99-00465 ACK, 2020 WL 1861659, at *4 (D. Hawaii Apr. 13, 2020) (finding that the defendant's motion under § 3582(c)(1)(A) was moot because he was no longer imprisoned); *Kyle v. United States*, 2020 WL 760396, at *2 (N.D. W. Va. Feb. 14, 2020) (construing the defendant's document as a motion for compassionate release under § 3582(c)(1)(A) and denying as moot because the defendant had already completed his term of imprisonment).

[6] To the extent that Defendant is seeking to end a term of supervised release, the Court is unable to do so because the statutory language of § 3582(c)(1)(A) only allows the Court to "reduce the term of imprisonment" and not a term of supervised release. 18 U.S.C. § 3582(c)(1)(A); *see also Hirano*, 2020 WL 1861659, at *3 (reasoning that "supervised release was apart from, [and] not included in, the term of imprisonment subject to reduction.").

**IT IS SO ORDERED.**

Dated: September 10, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE