IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES,**  **Plaintiff,**  v.  **FREDDIE LISK,**  **Defendant.** | Case No. 10-CR-40056-JAR |

### ORDER DISMISSING MOTION FOR COMPASSIONATE RELEASE

This matter comes before the Court on pro se Defendant Freddie Lisk's second letter to the Court, construed again as a Motion for Compassionate Release (Doc. 35). For the reasons provided below, Defendant's motion is again denied as moot.

**I.   Background**

On January 31, 2011, Defendant pleaded guilty to one count of possession with intent to distribute.[1] On March 30, 2011, this Court sentenced Defendant to a 72-month term of imprisonment and a 48-month term of supervised release.[2] Defendant was imprisoned, but he was released from the Bureau of Prisons ("BOP") on December 11, 2015. It appears that Defendant is currently in Ohio, and he states that he lives in a nursing home.

Defendant filed a letter with the Court on August 3, 2020, which the Court construed as a Motion for Compassionate Release. In this letter, he asserted that he would like to end his parole early and go home to his family. He stated that his health was not good and attached several

---

[1] Doc. 23
[2] Doc. 30.

medical records. The Court denied his motion as moot concluding that because Defendant was no longer imprisoned, the Court had no authority to do anything with Defendant's sentence.[3]

On October 26, 2020, Defendant again filed a letter with the Court, which the Court construed as a Motion for Compassionate Release. In this letter, he again requests that the Court end his parole early and allow him to go home from the nursing home. He includes several letters from the staff of the nursing home in which he lives, and the staff states that he is a pleasant and cooperative individual.

## II.     Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[4] Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply. Until recently, these exceptions required the BOP to move on a defendant's behalf. In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[5]

## III.    Discussion

As noted previously by this Court, in this case, the BOP's records indicate that Defendant was released from BOP custody and from prison on December 11, 2015. By the terms of the statute itself, § 3582(c)(1)(A) only allows the Court to "reduce the term of imprisonment."[6]

---

[3] Doc. 34.

[4] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)).

[5] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[6] 18 U.S.C. § 3582(c)(1)(A); *see also Hirano v. United States*, Cr No. 99-00465 ACK, 2020 WL 1861659, at *4 (D. Hawaii Apr. 13, 2020) (finding that the defendant's motion under § 3582(c)(1)(A) was moot because he was no longer imprisoned); *Kyle v. United States*, 2020 WL 760396, at *2 (N.D. W. Va. Feb. 14, 2020) (construing the defendant's document as a motion for compassionate release under § 3582(c)(1)(A) and denying as moot because the defendant had already completed his term of imprisonment).

Because Defendant is no longer in prison, there is no term of imprisonment for the Court to reduce.[7] Instead, Defendant is in a nursing home and states that he is on state parole. The Court is sympathetic to Defendant's position, but the Court has no authority to do anything with Defendant's circumstances. Thus, Defendant's motion is moot, and the Court denies it.

**IT IS THEREFORE ORDERED** that Defendant's (second) Motion for Compassionate Release (Doc. 35) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: October 29, 2020

>S/ Julie A. Robinson
>JULIE A. ROBINSON
>CHIEF UNITED STATES DISTRICT JUDGE

---

[7] To the extent that Defendant is seeking to end a term of supervised release, the Court is unable to do so because the statutory language of § 3582(c)(1)(A) only allows the Court to "reduce the term of imprisonment" and not a term of supervised release. 18 U.S.C. § 3582(c)(1)(A); *see also Hirano*, 2020 WL 1861659, at *3 (reasoning that "supervised release was apart from, [and] not included in, the term of imprisonment subject to reduction."). The District of Kansas is not managing Defendant's supervised release, to the extent Defendant is even on supervised release anymore.